IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | Cause No. 01 MDL 875 |
| *RENO v. A.C. AND S., INC. et al* | E. D. Pa. Case No. 09-CV-60293 |
| | *Trans from WI-W. Case No. 01-0189* |

Plaintiff's Response in Opposition to Owens-Illinois, Inc.'s Motion to Strike

Plaintiff responds to and oppose Owens-Illinois, Inc.'s ("OI") Motion to Strike.[1] The non-specific nature of OI's motion makes it premature and nothing more than a request for an advisory opinion. No "witness" is named in the motion and no "fact witness" list has been ordered to be submitted. The matter is not ripe for adjudication because no testimony of a witness has been offered by plaintiff. OI's motion should be denied on those grounds alone. Nevertheless, plaintiff will respond to the issues raised by OI in its motion. In support of this response, plaintiff states as follows:

Plaintiff served supplemental responses to standard interrogatories on August 16, 2012. (Ex. 2.) Plaintiff served client signed standard interrogatory responses on August 9, 2012. (Ex. 3.) OI argues additional disclosures are required under Fed. R. Civ. P. 26(a)(1). Beginning on or

---

[1] Plaintiff incorporates herein the document titled Plaintiffs' Response to Defendants' Motions to Strike Based on Untimely Discovery Responses filed in the *Ahnert v CBS Corp.,* Case No. 10-CV-67443, Doc. No. 191. A copy of Plaintiffs' Response to Defendants' Motions to Strike Based on Untimely Discovery Responses is attached as Exhibit 1.

about June 12, 2012, CVLO provided additional disclosures by a list of all site workers organized by job sties for all CVLO clients.[2] The standard interrogatory answers provided disclosures of information in a form agreed to by the parties. No order was entered setting a deadline for standard interrogatory answers. No order was entered requiring other 26(a)(1) type disclosures in CVLO MDL 875 cases and defendants have not made any Rule 26(a)(1) disclosures. OI made no motion while fact discovery was open to obtain additional disclosures beyond the standard interrogatories. These matters have been further addressed in Plaintiffs' Response to Defendants' Motions to Strike Based on Untimely Discovery Responses filed in the *Ahnert v CBS Corp.,* Case No. 10-CV-67443, Doc. No. 191 at 15-16.

During the more than one year period for which discovery has been open in the CVLO MDL 875 cases, OI did not until recently challenge the practices followed by CVLO in answering standard interrogatories. This case follows the same practice in how the standard interrogatories are answered. Having failed to earlier contest these matters, OI has waived their arguments.

OI also contends plaintiff did not answer specific interrogatories served by OI. According to Exhibit G attached to OI's motion to strike, defendant served plaintiff product specific discovery requests on July 19, 2012. OI's certificate of service states that it served the requests on mcascino@cvlo.com. (See Ex G to Def.'s Mot. at 16.) Plaintiff has repeatedly requested that OI not serve discovery requests on individual attorneys and that they instead serve discovery requests to lstaff@cvlo.com. (Exs 4, 5.) Nevertheless, OI appears to have served the discovery

---

[2] The court has declined to grant past defense motions to strike that list. (*See* Case No. 09-CV-61449, Doc. No. 123.)

requests to an email address other than the one specified by CVLO. As a result, the discovery requests at issue were not properly entered into plaintiff's discovery system. As such, plaintiff is in the process of responding to the discovery requests and will provide responses to the product specific discovery within two weeks.

Defendant argues plaintiff has never provided properly verified answers to standard interrogatories or a response to Owens-Illinois product-specific discovery and, therefore, the court should strike certain plaintiff discovery responses and disclosures. This is incorrect. Plaintiff served client signed discovery responses to standard interrogatories on August 9, 2012. These disclosures were made prior to the close of fact discovery.

OI argues an attorney signed portion of responses to standard interrogatories should be stricken because they are "unverified." To the contrary, OI's motion should be denied because those responses signed by counsel are based on attorney knowledge and are not based on client knowledge. Plaintiffs' Response to Defendants' Motions to Strike Based on Untimely Discovery Responses filed in *Ahnert* cites case law and discusses that when discovery responses or supplementations are based on attorney knowledge: (1) the signature of counsel is sufficient for the discovery responses based solely on attorney knowledge; (2) plaintiff's signature on certain interrogatory responses is unnecessary; and (3) if a client signature is needed, plaintiff should be afforded additional time to provide client signatures. (*See* Ex 1, *Ahnert v CBS Corp.*, Case No. 10-CV-64473, Doc. No. 191 at 2-12, 17-21.)

OI further argues "when asked to identify her witnesses for each product identified, Plaintiff refused to answer[.]" (Def. Mot. at 3.) To the contrary, plaintiff provided a list of four

specific living coworkers who worked with the victim. (Ex B to Ex 2.)  In addition to the four above mentioned coworkers, plaintiff also incorporated the Site Workers by Job Site for IL & WI Jobsites and Site Worker Witness Past Testimony by Job Site for IL &WI Jobsites that were provided to defendants' attorneys in all CVLO MDL 875 cases. (Ex 2 at ¶ 16.)

Defendant makes no allegations of intentional withholding of information about potential witnesses or a flagrant violation of a court order.  Based on Third Circuit precedent, striking of witness testimony based on disclosures requires intentional misconduct or a flagrant violation of a court order.  (*See* Ex 1, *Ahnert v CBS Corp.*, Case No. 10-CV-64473, Doc. No. 191 at 2-12.)

## Conclusion

OI's motion to strike should be denied for the above mentioned reasons or the ruling on the motion deferred until such time as the court has addressed the issues presented in the filing in *Ahnert* and which are controlling of many arguments made in this response.

Dated: November 1, 2012

Respectfully submitted,


/s/ Robert G. McCoy
Attorney for Plaintiffs

Allen D. Vaughan
Michael P. Cascino
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, Illinois 60607
312.944.0600