IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| RENO v. A C and S, INC.,  et al | PA-ED No.  09-CV-60293<br>*Trans from WD-WI Case No. 01-cv-0189* |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO OWENS-ILLINOIS' MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS AND ALTERNATIVELY MOTION TO AMEND**

In its reply brief in support of summary judgment, Owens-Illinois ("O-I") makes new arguments regarding whether Charles Reno's complaint violates the statute of limitations.  O-I argues that Charles Reno failed to plead a claim for asbestosis within the statute of limitations period, and that he should not be allowed to amend his complaint.  The court should reject O-I's arguments because: (1) no amendment to the complaint was necessary in light of the fact that O-I received timely notice of Charles Reno's asbestosis diagnosis; and (2) there is no prejudice to O-I in allowing Charles Reno to amend his complaint, should the court find it necessary for plaintiff to do so.

**HISTORY**

As discussed earlier in plaintiff's response to O-I's motion for summary judgment, on February 2, 2001, Dr. Alvin Schonfeld prepared a causation letter finding that Reno suffers from bilateral asbestos related pleural disease.  (Ex 3.)  Prior to February 2, 2001, Reno had been found to have bilateral pleural thickening, but not asbestosis.

Charles Reno filed a complaint in the Western District of Wisconsin on or around March 14, 2001.  The complaint states that Reno suffered from "pleural thickening."  On November ,

1

2012, this court found that an allegation of bilateral pleural thickening, without a finding of impairment, is insufficient to state a cause of action. (Ex 8.)

On December 29, 2007, plaintiff's counsel submitted an Administrative Order No. 12 ("AO12") report to the IKON repository. (Ex 2.) This report included Dr. Schonfeld's February 2, 2001 causation letter finding Reno has BLPT, and was made available to counsel for O-I. In addition, plaintiff disclosed a September 27, 2010 B-read report drafted by Dr. Colella that diagnosed the plaintiff with asbestosis. This September 27, 2010 B-read report was disclosed to the defendants on February 14, 2012. (Ex 7.) Further, Dr. Nachman Brautbar also discussed Reno's asbestosis diagnosis in his expert report, which was submitted to defendants on or around September 18, 2012. (Ex 4.) On August 9, 2012, Reno served his "Plaintiff's First Signed Response to Standard Interrogatories." Interrogatory No. 3 requested Reno to identify the injury alleged to be sustained. Reno's answer was "asbestosis":

> 3. State the specific nature of the personal injuries and/or disease which you allege to have sustained as a result of the exposure complained of.
>
> ANSWER: Asbestos related disease as set forth in medical records on deposit at IKON in Chicago. The conditions include without limitation Asbestosis.

(Ex 6.)

On November 9, 2011, Magistrate Judge Strawbridge issued an order establishing a records collection protocol. The order designated Forman Perry Watkins Krutz & Tardy ("Forman Perry") to collect records in CVLO MDL cases on behalf of all defendants. (Ex 5.) Plaintiff's medical records, including pathology reports and other records relating to asbestosis, were collected by Forman Perry and made available to OI during the discovery phase of this case.

Pursuant to scheduling orders issued by Magistrate Judge Strawbridge, this case was assigned to the "CVLO-5" case group. On August 24, 2012, fact discovery closed in CVLO-5. (Ex 10.)   December 14, 2012 was the deadline for the filing of summary judgment motions in CVLO-5 cases. (Ex 15.)

## ARGUMENT

Because the federal jurisdiction for Charles Reno's case is based on diversity of citizenship, the federal court should apply substantive Wisconsin state law. *Erie Railroad v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188, 11 Ohio Op. 246 (1938) (when federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, federal courts must, "except in matters governed by the Federal Constitution or by Acts of Congress, … [apply] the law of the State.")  As the Third Circuit explained, applying *Erie*, "While the Federal Courts should properly employ its own rules of procedure to secure the just, efficient and prompt determination of all claims inherent in any litigation before it, nevertheless the ultimate results reached must be such as accord with the substantive jurisprudence of the State of the forum." *Smith v. Whitmore*, 270 F.2d 741, 745 (3rd Cir. 1959) (internal citations omitted).

The application of a statute of limitations is substantive law and governed by state law under *Erie Guaranty Trust Co.* v. *York*, 326 U.S. 99, 89 L. Ed. 2079, 65 S. Ct. 1464 (1945). Applying Wisconsin Law, O-I's motion should be denied for two reasons: (1) no amendment to Reno's complaint is required; and (2) if an amendment to Reno's complaint is required, the amendment is proper and relates back to the original filing.  The latter issue is covered by Wis. Stat § 802.09 and related case law in Wisconsin.

3

### I. No Amendment Is Required

Plaintiff does not believe an amendment to his complaint is required under the facts of this case. As discussed above, O-I was placed on notice that Reno had developed asbestosis throughout the discovery phase of this case. Reno's medical records were provided to O-I through plaintiff's AO12 filings and plaintiff's counsel provided and defense counsel obtained medical information about Reno's asbestosis, including the September 27, 2010 B-read report prepared by Dr. Colella that diagnosed the plaintiff with asbestosis. (Ex 9.) This September 27, 2010 B-read report was disclosed to the defendants on February 14, 2012. (Ex 7.) Dr. Brautbar also discussed Reno's asbestosis diagnosis in his expert report, which was submitted to defendants on or around September 18, 2012. (Ex 4.) Since discovery and trial preparation in the case proceeded based on Reno's diagnosis of asbestosis and related medical records, it was unnecessary to amend Reno's complaint to reflect the issue actually being litigated.

O-I does not cite Wisconsin authority that states an existing asbestos case must be amended to allege an additional, unpled asbestos-related disease. The decision in *Sopha v. Owens Corning Fiberglas Corp.*, 230 Wis. 2d 212 (Wis. 1999) relied on by defendant is inapposite. *Sopha* addressed the separate and unrelated question of whether a claim alleging a second asbestos disease is barred after the lawsuit from the first disease has been adjudicated. 230 Wis. 2d at 217.

*Sopha* does not concern pleading requirements for an action which has not had a final adjudication. The Wisconsin Supreme Court in *Sopha* only concluded that a case which has a final adjudication does not bar a new action based on a new asbestos disease. No final adjudication of Reno's non-malignant claim occurred in the instant case.

4

The only issues considered in *Sopha* were whether (1) the diagnosis of a non-malignant condition triggers the statute of limitations for all asbestos injuries; and (2) whether claim preclusion bars a second cause of action for a new asbestos-related disease. 230 Wis. 2d at 217. Neither issue involves amending the pleadings during the pendency of a case. If *Sopha* has any application here, the Wisconsin Supreme Court's refusal to bar the later developing asbestos-related disease reflects a policy that asbestos disease has multiple manifestations and the statute of limitations should not be read to create a bar if the plaintiff has diligently pursued the claims for the later developing disease.

## II.     Standard for Supplemental Pleading in Wisconsin

*Assuming arguendo* that an amendment to Reno's complaint is required, plaintiff moves for leave to file an amended complaint. A proposed amended complaint is attached as Exhibit 1. The Wisconsin Statutes allow complaints to be amended under Wis. Stat. § 802.09. An amendment stating asbestosis is proper under Wis. Stat. § 802.09(4), which provides:

> Upon motion of a party the court may, upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

The plain language of the above sub-section allows plaintiff to "serve a supplemental pleading" that includes the asbestosis diagnosis that has "happened since the date of the pleading sought to be supplemented." Wis. Stat § 802.09 (1) further states that "[leave to amend] shall be freely given at any stage of the action when justice so requires."

Amendment Under Wis. Stat § 802.09 (4)

There are three reasons why Reno should be permitted to amend his complaint to account for the "occurrence or event" of his asbestosis diagnosis.

1.  Administrative Order No. 12 required that each plaintiff submit to the court "a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion." (Ex 11.)  Plaintiff has disclosed documents throughout the course of discovery which included the September 27, 2010 B-read report prepared by Dr. Colella that diagnosed the plaintiff with asbestosis.  (Ex 7.)  These records were disclosed to the defendants prior to the close of discovery.

2.  The parties have been litigating this claim based on Reno's asbestosis diagnosis, as evidenced by the fact that during the discovery period, many months before the deadline to file dispositive motions, O-I received Dr. Brautbar's September 18, 2012 expert report stating that plaintiff has asbestosis.  (Ex 4.)   Forman Perry, acting on behalf of all defendants, also engaged in extensive discovery of the medical evidence relating to Reno's asbestosis.  O-I will not prejudiced in any way if an amendment is allowed.

O-I had several opportunities to seek dismissal of the asbestosis claim before the summary judgment stage and to argue that Reno's asbestosis is not compensable because his claims are untimely. O-I failed to raise any such motion at earlier opportunities.

3.  Wisconsin law has a liberal amendment policy focused on resolving cases on their merits. The policy is rooted in Wis. Stat. § 802.09 (1), which, as discussed above, provides that leave to amend shall be "freely given."  The Wisconsin Supreme Court has noted that Wis Stat. § 802.09 is "quite similar" to the Federal Rule of Civil Procedure 15, and has applied Rule 15 precedents to Wisconsin cases.  *Korkow v. General Casualty Company of Wisconsin*, 117 Wis. 2d. 187, 194 (1984).  The *Korkow* court stated:

> Our interpretation of the rules governing the relation back of amended pleading must be made in light of the underlying aims and philosophy of Wisconsin's liberal civil procedure rules. Wisconsin long ago abandoned the highly formal concepts of common law form pleading in favor of more functional concepts defined in terms of the underlying transaction, occurrence or event that forms the basis of the claim.

117 Wis. 2d 187 at 192.

The liberal amendment policy is applicable here because the case has been treated as a asbestosis claim by both parties in the administrative and discovery stages. The Wisconsin statutory right to liberal amendments is consistent with the Third Circuit's policy of deciding cases on the merits. In *McMullen v. Bay Ship Management*, 335 F.3d 215, 217-8 (3d Cir. 2003) the court stated:

> We have emphasized this Court's policy of favoring litigation on the merits, rather than imposing dismissals with prejudice or a default judgment. In *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988), we stated that "[t]hese must be sanctions of last, not first, resort." See also *Poulis v. State Farm Fire & Cas.* Co., 747 F.2d 863, 868 (3d Cir. 1984) (setting out checklist applicable for sanction of dismissal).

Here, the failure to permit plaintiff to amend his complaint to allege asbestosis is equivalent to the sanction of dismissal with prejudice. The policy to allow liberal amendments is applicable to prevent such a result, particularly in light of the fact that O-I has not and will not be prejudiced in any way.

### III.     No Deadline to Amend Complaints Existed

The court, in recent opinions resolved the issue of amending complaints for a second disease by finding the "deadline" for amendments had passed. (Ex 12 at 6-7.) In the instant case, no deadline for amending pleadings was set. The case is part of the "CVLO-5" scheduling order entered by Magistrate Judge Strawbridge. The Group 5 scheduling order had no deadline under 16(b)(3)(A) or other deadline for amending complaints. (Ex 10.)

Plaintiff's counsel was only able to locate two orders bearing on amendment of complaints of the CVLO MDL 875 cases.  (Ex 13; Ex 14.)  These orders do not set deadlines for amending complaints to allege the lung cancer diagnosis.  The order dated February 17, 2011, suspended the filing of amendments which added a new defendant to CVLO MDL 875 cases during the mediation process.  (Ex 13.)  No order was entered regarding a deadline to amend the complaint after conclusion of the mediation phase of the CVLO cases and the assignment of the cases into scheduling order groups.

The second order entered on April 9, 2010, required each plaintiff in a multi-plaintiff complaint to file a "Severed and Amended" complaint.  (Ex 14.)   The deadlines in that order, however, did not apply to the instant case which was not part of a multi party complaint.

Absent violation of a court ordered scheduling deadline, the court should follow Wisconsin law – and if concerned about scheduling practices in the MDL 875, recognize no deadline was set – and exercise discretion to "freely"  permit an amendment to the complaint.  In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court held:

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

**IV.    Good cause to amend**

The court found in its March 14 order in *Larweth v. A.C. And S, Inc.* that the "misunderstanding" of counsel for plaintiff about the compliance with AO12 did not constitute

good cause for allowing leave to amend after the alleged deadline. (Ex 12 at p 6-7.) Assuming that a deadline to amend pleadings existed, plaintiff contends this finding is clearly erroneous in light of the case law about good cause. The misunderstanding of plaintiff's counsel constitutes a "mistake" which is good cause to justify amendment in light of the diligence in complying with AO12, preparing expert reports, and the existence of a meritorious claim that can be cured by amendment. *Newton v. Dana Corporation Parish Division*, 1995 U.S. Dist. Lexis 8473 (E.D. Pa. 1995).

## CONCLUSION

Owens-Illinois' motion for summary judgment should be denied because Wisconsin law does not require an amendment to a pending asbestos case. Alternatively, plaintiff should be granted, pursuant to the motion, leave to amend the complaint to allege the claim of asbestosis. Owens-Illinois was put on notice of Charles Reno's asbestosis on multiple occasions before the close of discovery. These circumstances warrant amendment under Wis. Stat. § 802.09.

Dated:  May 23, 2013

/s/ Robert G. McCoy

Robert G. McCoy
Jin-Ho Chung
Attorney for the Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600