ER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES G. RENO,                    :    CONSOLIDATED UNDER
                                    :    MDL 875
        Plaintiff,                  :
                                    :    Transferred from the
                                    :    Western District of
        v.                          :    Wisconsin
                                    :    (Case No. 01-00189)
                            **FILED**
AC AND S, INC.                      :    E.D. PA CIVIL ACTION NO.
et al.,                JUN 25 2013  :    2:09-60293-ER  File
                      MICHAEL E. KUNZ, Clerk
        Defendants.    By_____:Dep. Clerk

                         O R D E R

        **AND NOW,** this **24th** day of **June, 2013**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant Owens-

Illinois Corp. (Doc. No. 132) is **GRANTED in part; DENIED in part.**[1]

---

[1]     This case was transferred in January of 2009 from the
United States District Court for the Western District of
Wisconsin to the United States District Court for the Eastern
District of Pennsylvania as part of MDL-875.

        Plaintiff alleges that he was exposed to asbestos and
became ill as a result. In October of 1984, Plaintiff learned he
had pleural thickening but, as late as March of 1993, medical
testing revealed that his pulmonary function was normal. In
February of 2001, Plaintiff was diagnosed with asbestos-related
pleural disease and, in March of 2001, medical tests confirmed
restrictive breathing. In March of 2001, Plaintiff filed his
Complaint, alleging an "asbestos-related condition," which he
identified as "pleural thickening." In 2005, he was diagnosed
with asbestosis. Plaintiff never amended his Complaint to include
a claim for asbestosis. However, he contends that, during
discovery, he notified Defendant of his asbestosis diagnosis.

        Plaintiff has brought claims against various
defendants. Defendant Owens-Illinois Corp. ("Owens-Illinois") has
moved for summary judgment, arguing that (1) Plaintiff's claims
(for both pleural thickening and asbestosis) are barred by the
Wisconsin statute of limitations, and (2) Plaintiff has failed to
identify sufficient evidence of conspiracy to support a claim for
conspiracy. The parties agree that Wisconsin law applies.

———————————

## I.   Legal Standard

### A.   Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B.   The Applicable Law

#### 1.   Procedural Matters (Federal Law)

In multidistrict litigation, "on matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.). Therefore, in addressing the procedural matters herein, the Court will apply federal law as interpreted by the Third Circuit Court of Appeals. Id.

_____

      2.    Substantive Matters (State Law)

      The parties have agreed that Wisconsin substantive law applies in these cases. Therefore, this Court will apply Wisconsin law in deciding Defendant's Motions for Summary Judgment in those cases. <u>See</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938); <u>see also</u> <u>Guaranty Trust Co. v. York</u>, 326 U.S. 99, 108 (1945).

    C.    <u>Amendments to Pleadings (Federal Rules of Civil Procedure 15 and 16)</u>

      Amendments to pleadings are governed by Rules 15 and 16 of the Federal Rules of Civil Procedure. Rule 15 permits parties to amend their pleadings only once as a matter of course, within 21 days after service of the initial complaint or the filing of a responsive pleading/motion. Fed. R. Civ. P. 15(a)(1). All further amendments require the leave of the court which it should "freely give . . . when justice so requires." <u>Id</u>. R. 15(a)(2). If, however, a motion to amend is filed after the Court ordered deadline for amendments has passed, the moving party must demonstrate good cause for the amendment. <u>Id</u>. R. 16(b)(4). "Good cause" under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order. <u>See</u> Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

      Once good cause is shown, a court may determine whether justice requires the amendment under Rule 15. A district court has discretion to deny such a request, "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." <u>Fraser v. Nationwide Mut. Ins. Co.</u>, 352 F.3d 107, 116 (3d Cir. 2003). "In determining whether a claim would be futile, the district court applies the same standard of legal sufficiency as [it] applies under Federal Rule of Civil Procedure 12(b)(6)." <u>Travelers Indem. Co. v. Dammann & Co.</u>, 594 F.3d 238, 243 (3d Cir. 2010) (internal citations and quotations omitted).

D.   <u>Relation Back of Claims (Federal Rule of Civil Procedure 15)</u>

Under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading where the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. <u>Glover v. FDIC</u>, 698 F.3d 139, 145 (3d Cir. 2012). Relation back is structured to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. <u>Id.</u> (citing <u>Krupski v. Costa Crociere S.p.A.</u>, --- U.S. ----, 130 S. Ct. 2485, 2494, 177 L.Ed.2d 48 (2010)). Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality. <u>Id.</u> At the same time, Rule 15(c) endeavors to preserve the important policies served by the statute of limitations – most notably, protection against the prejudice of having to defend against a stale claim, as well as society's general interest in security and stability – by requiring that the already commenced action sufficiently embraces the amended claims. <u>Id.</u>

Application of Rule 15(c)(1)(B) normally entails a "search for a common core of operative facts in the two pleadings." <u>Id.</u> It is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." <u>Id.</u> at 146 (quoting <u>Baldwin Cty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149 n.3, 104 S. Ct. 1723, 80 L.Ed.2d 196 (1984)). Thus, only where the opposing party is given "fair notice of the general fact situation and the legal theory upon which the amending party proceeds" will relation back be allowed. <u>Id.</u>

## II.  Defendant Owens-Illinois's Motion for Summary Judgment

### A.  Defendant's Arguments

<u>Conspiracy Claims</u>

Defendant Owens-Illinois argues that Plaintiff has failed to identify sufficient evidence to support a claim of conspiracy under Wisconsin law.

_____

Statute of Limitations / "Two-Disease Rule"

Defendant Owens-Illinois argues that Plaintiff's claims are barred by the Wisconsin statute of limitations because (1) Plaintiff learned he had pleural thickening over 16 years before he filed his complaint (thus barring the entire action), (2) even if the entire action is not barred, his asbestosis claims are barred because he received a diagnosis of asbestosis in 2005, but did not amend his complaint as required.

With respect to the claims based on pleural thickening, Defendant argues that the statute of limitations began to run when Plaintiff learned he had pleural thickening - and that he was obligated to exercise diligence to investigate this diagnosis to determine the cause (asbestos) at the time of that initial diagnosis.

With respect to the claims based on asbestosis, Defendant contends that (a) Wisconsin recognizes the "two disease rule" (a.k.a. "separate disease rule") such that Plaintiff was required to file a second, separate claim/case (or amend the existing complaint) for the subsequent asbestosis diagnosis, and (b) more than 3 years passed after the time of the "new" diagnosis without a separate claim/case (or amended complaint) being filed for the "new" asbestosis diagnoses within that 3-year period provided for by the Wisconsin statute of limitations. In support of its assertion that Plaintiff was required to file a new claim/case (or amend its existing complaint to reflect the "new" diagnosis), Defendant Owens-Illinois relies upon <u>Sopha v. Owens Corning Fiberglas Corporation GAF</u>, 230 Wis.2d 212 (Wis. 1999).

In its reply brief, Defendant responds to Plaintiff's argument (raised in his opposition) that Wisconsin law does not recognize a claim for pleural thickening (where it is not accompanied by functional impairment). Defendant disputes Plaintiff's assertion by pointing to <u>Sopha v. Owens Corning Fiberglas Corporation GAF</u>, which Defendant asserts states that the "decision whether a claimant can recover for pleural thickening or asbestosis must be made by the circuit court on a case by case basis." 230 Wis.2d 212, 243 (Wis. 1999). Defendant argues that Plaintiff's claims based on "<u>pleural thickening</u>" (the only specifically identified diagnosis in the Complaint) are barred (a) if actionable, because they were not timely, and

(b) if <u>not</u> actionable, because they are not actionable such that the entire action should be dismissed (and that any claims based on <u>asbestosis</u> are barred by Wisconsin's alleged recognition of the "two disease rule" (a.k.a. "separate disease rule") and Plaintiff's failure to amend the complaint to include the second diagnosis).

### B. Plaintiff's Arguments

<u>Conspiracy Claims</u>

        Plaintiff concedes that he is not opposing Defendant's motion as to his conspiracy claims.

<u>Statute of Limitations / "Two-Disease Rule"</u>

        In response to Defendant's argument that Plaintiff's statute of limitations began to run in 1984, when he learned of his pleural thickening, Plaintiff asserts that he had no cause of action until much later (2001), when he (1) received a diagnosis of asbestos-related pleural disease (by the expert report of Dr. Alvin Schonfeld) and (2) received his first medical test showing functional impairment (restrictive breathing), because Wisconsin law does not allow a claim for pleural thickening that is not accompanied by functional impairment, and does not begin a statute of limitations until a plaintiff learns (or should have learned) of the cause of his illness <u>by way of medical diagnosis/opinion</u>. In support of these arguments, Plaintiff relies upon (1) <u>Borello v. U.S. Oil Co.</u>, 130 Wis.2d 397 (1986) (which Plaintiff contends indicates that Wisconsin recognizes a discovery rule in which a statute of limitations does not begin to run until a Plaintiff learns of the cause of his illness (or should have learned of the cause of his illness) <u>as diagnosed by a medical expert</u>), and (2) this Court's decision in <u>In re Asbestos Litigation (VI)</u> (Nov. 14, 2011 E.D. Pa.) (Robreno, J.) (Plaintiff's Exhibit 7, appearing as ECF No. 154-9) (predicting that, under Illinois law, pleural plaques and pleural thickening are not cognizable injuries).

        Furthermore, Plaintiff argues that a recovery for asbestosis is not precluded because (1) there is nothing that requires an amendment to the complaint to reflect the subsequent asbestosis diagnosis (as the claim set forth in Plaintiff's existing complaint encompasses a claim for asbestosis), and

_____

(2) even if there were such a requirement, Wisconsin law allow complaints to be amended freely and liberally (pursuant to Wisconsin statute § 802.09(4) and related case law). Plaintiff contends that this amendment would be permitted under Wisconsin law under the circumstances at hand because Defendant has notice of the "updated" asbestosis diagnosis long ago (when depositions were taken, when discovery responses were served, and when disclosures were made pursuant to AO12), such that (3) Defendant cannot claim there was any surprise or accompanying prejudice to it at the summary judgment stage. Plaintiff contends that the discovery phase in this case was conducted based upon an asbestosis diagnosis. It is his position that the AO12 filings identifying Plaintiff's asbestosis diagnosis had the effect of amending the complaint to include a claim for asbestosis, such that there was no need for Plaintiff to file an amended complaint. Plaintiff also (4) cites to Wisconsin statute § 802.09(2), which he contends allows amendments to pleadings to conform to the evidence, even as late as trial, so long as Defendant will not be prejudiced in maintaining its defense on the merits. Plaintiff cites to <u>Korkow v. General Casualty Company of Wisconsin</u>, 117 Wis.2d 187, 194 (Wis. 1984), which he contends makes clear that § 802.09 operates in a fashion similar to Federal Rule of Civil Procedure 15, and liberally allows amendments to pleadings.

### C.  Analysis

<u>Conspiracy Claims</u>

Plaintiff concedes that he is not opposing Defendant's motion as to his conspiracy claims. Therefore, there is no genuine dispute of material fact regarding these claims, and summary judgment in favor of Defendant is warranted as to these claims. <u>See</u> <u>Anderson</u>, 477 U.S. at 248-50.

<u>Statute of Limitations / "Two-Disease Rule"</u>

The parties agree that the statute of limitations applicable to Plaintiff's claims is three (3) years. <u>See</u> Wisconsin Statute § 893.54. The parties agree that Wisconsin recognizes a "two disease rule" (sometimes referred to as a "separate disease rule" or "multiple disease rule"). <u>See</u> <u>Sopha v. Owens Corning Fiberglas Corporation GAF</u>, 230 Wis.2d 212, 227 (Wis. 1999). Therefore, the issues presented by Defendant's

7

motion are (1) whether Plaintiff's pleural thickening was
actionable prior to his development of accompanying functional
impairment, (2) whether Plaintiff was required to amend the
complaint to include a claim for asbestosis and, (3) if so, (a)
whether Plaintiff is permitted to do so now (b) such that the
asbestosis claim will relate back to the original claim and
therefore is not barred by the statute of limitations.

### (i) Claim for Pleural Thickening

With respect to Plaintiff's claim for pleural
thickening, Defendant has argued that Plaintiff's condition was
actionable when he first learned of it in 1984 (and that the
statute of limitations on that claim began to run at that time),
even though he did not experience any accompanying functional
impairment (restrictive breathing) until much later in 2001.
Under Wisconsin law, a claim for pleural thickening without
functional impairment is not actionable because, until functional
impairment occurs, a plaintiff has suffered no recoverable
damages. Sopha, 230 Wis.2d at 226-32. Therefore, a plaintiff's
statute of limitations on a claim for pleural thickening begins
to run when the plaintiff experiences functional impairment as a
result of that condition. Id. Consequently, Plaintiff's claim for
pleural thickening was timely filed and is not barred by the
Wisconsin statute of limitations.

### (ii) Claim for Asbestosis

Plaintiff has presented no evidence that his asbestosis
has arisen from a pathology separate from that of his pleural
thickening – and he does not appear to dispute that the two
conditions have arisen from separate pathologies. Under these
circumstances, this Court construes Sopha to require Plaintiff to
bring a claim for asbestosis that is separate from Plaintiff's
claim for "asbestos-related condition," specifically identified
as "pleural thickening." Plaintiff concedes that no such claim
has been brought in the existing complaint. Therefore, Plaintiff
may only obtain a recovery based upon the asbestosis diagnosis
(rather than a recovery based solely upon the diagnosis of
"pleural thickening"), if (1) Plaintiff is now permitted to amend
the complaint, and (2) the new claim in the amended complaint
relates back to the original claim.

Because Plaintiff's motion to amend was not brought
until the summary judgment phase of the case (i.e., after the

Court ordered deadline for amendments passed), Plaintiff must
demonstrate good cause for the amendment. Fed. R. Civ. P.
16(b)(4). Plaintiff contends that the reason the complaint was
not amended prior to the deadline for amendments is that it was
the understanding of counsel that, in light of the Court's AO12
procedural requirements, no amendment was necessary because
Defendant was notified of Plaintiff's asbestosis by way of the
AO12 disclosures (and other discovery). Plaintiff cites no
authority from this Court (or elsewhere) to support this
understanding. The Court has never indicated to counsel for
Plaintiff (or any other party or counsel appearing in the MDL)
that discharge of AO12 obligations relieves a party of complying
with the Federal Rules of Civil Procedure. The Court cannot
conclude that the misunderstanding of counsel for Plaintiff
constitutes "good cause" for failing to seek leave to amend the
complaint in this action prior to the deadline for doing so.

        Even if good cause was stated under Rule 16, under Rule
15, the defendant would be unfairly prejudiced in that it
conducted discovery and it has already filed the motion for
summary judgment based on the allegations set forth in the
initial complaint. Moreover, the interests of justice would not
be served in that, in this large MDL consisting of thousands of
cases and literally millions of claims, adherence to the Court's
scheduling orders is essential to the management of the cases.
See In re Asbestos Products Liability Litigation (No. VI), --
F.3d --, 2013 WL 2364088, at *7 (3d Cir. May 31, 2013) (citing
the need for strict adherence to scheduling orders in MDL cases).
Accordingly, Plaintiff's request to amend the complaint at this
time is denied.

        In light of this determination, the Court need not
consider whether the proposed claim for asbestosis would relate
back to the original claim such that it would be deemed timely.

        Because there is no claim for asbestosis in the present
action, Plaintiff may not recover for the diagnosis of asbestosis
and is instead permitted only to pursue and recover for the
existing claim for "pleural thickening" with functional
impairment. Accordingly, the case will proceed toward trial based
only on that existing claim.

E.D. PA NO. 2:09-60293-ER          **AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBREÑO, J.

### D.  Conclusion

Summary judgment in favor of Defendant is granted as to Plaintiff's claims for conspiracy and asbestosis. Summary judgment in favor of Defendant is denied as to Plaintiff's claim for pleural thickening.

10