IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | Civil Action No. MDL 875 |
| **Charles G. Reno,**<br><br>  Plaintiff,<br>v.<br><br>**A.C And S Inc.,** *et al.***,**<br><br>  Defendants. | PA-ED Case No. 09-cv-60293<br><br>WI-WD Case No. 01-cv-00189 |

**GEORGIA-PACIFIC LLC, f/k/a GEORGIA-PACIFIC CORPORATION'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO ISSUANCE OF NEW SCHEDULING ORDER AND BRIEFING SCHEDULE**

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp. ("Georgia-Pacific") incorporates the Response in Opposition to Issuance of New Scheduling Order and Briefing Schedule filed on behalf of multiple defendants, docket entry no. 204. Georgia-Pacific supplements the Response by stating as follows:

Plaintiff Charles G. Reno's ("Plaintiff") case was filed in the Western District of Wisconsin in 2001. It was transferred to MDL-875 on May 16, 2001. On October 5, 2010, an agreed set of interrogatories was adopted by the Court. *See* Order for Agreed Set of Interrogatories, attached hereto as *Exhibit 1*. The Court stated in the initial Order governing the agreed master set of interrogatories that "Objections shall not be made to any question or part thereof," and the responses were due in full by November 17, 2010. *See Exhibit 1*, paragraph 6. The Court granted an extension of time for plaintiffs to respond and the final deadline for the response to the standard interrogatories was February 21, 2011. *See* the November 15, 2010 order, attached hereto as *Exhibit 2*. Responses to the standard interrogatories were to be

provided served for each individual plaintiff in each case. This included interrogatories 16 through 20, 26 and 29, which requested the identity of all fact witnesses and the subject matter about which these witnesses would testify.

On April 11, 2012, Plaintiff's case was placed on the Amended Case Management and Scheduling Order for CVLO-5. *See* the April 11, 2012 Order, attached hereto as *Exhibit 3*. The Case Management and Scheduling Order provided that all remaining fact discovery was to be completed by August 24, 2012. On November 5, 2012, Magistrate Judge Strawbridge granted Plaintiffs' Motion to Subdivide the CVLO-4 Case Group, and in doing so amended the April 11, 2012 scheduling order to provide plaintiffs with additional time to brief dispositive motion. *See* docket entry no. 123. Under the November 5, 2012 order, dispositive motions were due on December 14, 2012. *Id*. In granting Plaintiffs' Motion to Subdivide, Magistrate Judge Strawbridge noted that the "extensions are not meant to provide additional fact discovery time to the parties." *Id*.

On June 8, 2012, Georgia-Pacific served its own Product Specific Interrogatories, in which it also sought the identity of fact witnesses and the subject matter about which these witnesses will testify in interrogatories 7 and 10. *See* Georgia-Pacific's Product Specific Interrogatories, attached hereto as *Exhibit 4*. Per Federal Rule of Civil Procedure 33, responses to Georgia-Pacific's Product Specific Interrogatories were due within 30 days, on July 9, 2012.

On July 31, 2012, Georgia-Pacific filed a Motion to Compel, arguing that Plaintiff had provided incomplete and unresponsive answers to the standard interrogatories, and had failed to respond Georgia-Pacific's Product Specific Discovery Requests. *See* docket entry no. 95. On August 22, 2012, Magistrate Judge Strawbridge granted Georgia-Pacific's Motion to Compel in part. *See* docket entry no. 102. Magistrate Judge Strawbridge noted that the responses to the

standard interrogatories were "sorely overdue" and the responses to Georgia-Pacific's Product Specific Interrogatories were "similarly significantly overdue." *Id*. Magistrate Judge Strawbridge further stated that "in order to avoid future objections and motions to strike, plaintiffs are strongly encouraged to fully answer the interrogatory questions, especially those regarding fact witnesses and their expected testimony." *Id*.

On August 9, 2012, with only fifteen days remaining in fact discovery, Plaintiff served his "First Response to Standard Interrogatories – August 9, 2012." Attached hereto as *Exhibit 5*. The responses vaguely reference "Georgia-Pacific or Best Wall asbestos-containing wall finishing products, e.g. joint compounds, and wallboards." *Id*. However, Plaintiff fails to specifically identify any Georgia-Pacific products, and fails provide the locations where he allegedly worked with and around others who used Georgia-Pacific products, or when he allegedly worked with and around others who used Georgia-Pacific products. This information was specifically requested by interrogatory number 19. On August 15, 2012, with only nine days remaining in fact discovery, Plaintiff served his "Supplemental Response to Standard Interrogatories – August 15, 2012." Attached hereto as *Exhibit 6*. Plaintiff's Supplemental Responses provided similarly vague and incomplete descriptions of any exposures Plaintiff was claiming from Georgia-Pacific products.

On December 14, 2012, Georgia-Pacific timely filed its Motion for Summary Judgment, arguing that Plaintiff had not produced any exposure evidence against it. *See* docket entry no. 135. Georgia-Pacific filed its Motion for Summary Judgment based on the fact that no witnesses had testified regarding Georgia-Pacific during fact discovery. On March 1, 2013, Plaintiff filed a Response and attached a Declaration executed by Plaintiff on February 27, 2013. *See* docket entry no. 152. On March 11, 2013, Georgia-Pacific filed its Reply to Plaintiff's Response to its

Motion for Summary Judgment, and moved to strike Plaintiff's Declaration. *See* docket entry no. 161. As argued in Georgia-Pacific's Motion for Summary Judgment, and corresponding briefs, Plaintiff did not disclose the basis of his testimony until filing his Declaration with his Response – six months after discovery closed and after Georgia-Pacific filed its Motion for Summary Judgment. This was an untimely and improper disclosure, and should not be considered in opposition to Georgia-Pacific's Motion for Summary Judgment. Moreover, Plaintiff's Declaration violates Magistrate Judge Strawbridge's November 5, 2012 order, as he specifically ordered that the extensions for the dispositive motion briefings were *"not meant to provide additional fact discovery time to the parties."* Plaintiff's Declaration, which details and adds to his alleged exposure from Georgia-Pacific joint compound, was executed and served more than six months after discovery closed.

      Thus, the only potential discovery dispute remaining between Plaintiff and Georgia-Pacific is whether Plaintiff's declaration should be considered in deciding Georgia-Pacific's motion. Georgia-Pacific showed that this Court should not consider Plaintiff's declaration in its Reply and corresponding briefs. Consequently, there is no reason for the Court to effectively re-open discovery by issuing a new scheduling order and briefing schedule in this case. Georgia-Pacific's motion is ripe for decision.

Dated: August 23, 2013

          By: _/s/ Michael W. Drumke_

               Michael W. Drumke
               Attorney for Defendant Georgia-Pacific LLC
               Swanson, Martin & Bell, LLP
               330 North Wabash Avenue
               Suite 3300
               Chicago, Illinois 60611
               Telephone: (312) 321-9100
               Facsimile: (312) 321-0990
               E-mail: mdrumke@smbtrials.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | **Civil Action No. MDL 875** |
| **Charles G. Reno,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**A.C And S Inc.,** *et al.*,<br><br>    **Defendants.** | **PA-ED Case No. 09-cv-60293**<br><br>WI-WD Case No. 01-cv-00189 |

### CERTIFICATE OF SERVICE

    I hereby certify that on August 23, 2013, I electronically filed with this Court's ECF system, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp.'s, Supplemental Response in Opposition to Issuance of New Scheduling Order and Briefing Schedule, which will send notification of such filing to the following:

    Mr. Michael P. Cascino, Cascino Vaughan Law Offices, Ltd., 220 S. Ashland Ave., Chicago, IL 60607, and all counsel of record.

                                                                                       Michael W. Drumke
                                                         Attorney for Defendant Georgia-Pacific LLC
                                                          Swanson, Martin & Bell, LLP
                                                          330 North Wabash Avenue
                                                           Suite 3300
                                                           Chicago, Illinois 60611
                                                           Telephone: (312) 321-9100
                                                           Facsimile: (312) 321-0990
                                                           E-mail: mdrumke@smbtrials.com