```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| CHARLES G. RENO, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | Transferred from the |
| | : | Western District of |
| v. | : | Wisconsin |
| | : | (Case No. 01-00189) |
| | : | |
| AC AND S, INC. | : | E.D. PA CIVIL ACTION NO. |
| et al., | : | 2:09-60293-ER |
| | : | |
| Defendants. | : | |

FILED
AUG 29 2013
MICHAEL E. KUNZ, Clerk
By_____.Dep. Clerk

## O R D E R

**AND NOW**, this **28th** day of **August, 2013**, it is hereby **ORDERED** that the Motion for Reconsideration of Plaintiff (Doc. No. 200) is **DENIED**.[1]

---

[1]   A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Circ. 1995); United States v. Cabiness, 278 F. Supp. 2d 478. 483-84 (E.D. Pa. 2003) (Robreno, J.). The issue here is whether there is clear error of law or reconsideration is needed to prevent manifest injustice.

By Order dated July 12, 2013 the Court granted summary judgment in favor of defendant on grounds of insufficient evidence of causation. (Doc. No. 198.) The Court did not consider the evidence that plaintiffs had filed on the MDL-875 "main docket" and which plaintiff cited in its brief in the individual case only by reference to the main docket. Plaintiff argues the court committed a clear error of law by doing so.

The MDL-875 consists of thousands of cases and millions of claims brought by plaintiffs against thousands of defendants involving exposure to asbestos. Faithful adherence to the stated procedure is crucial to the efficient administration of the case.

E.D. Pa. No. 2:09-60293-ER          **AND IT IS SO ORDERED.**

                                    _____
                                    **EDUARDO C. ROBRENO, J.**

---

MDL-875 provides 2 types of dockets for the filings or submissions to the court. One, the "main docket" where administrative matters or matters which relate to all cases under the jurisdiction of MDL-875 are filed; and, two, individual dockets for each case dealing with the submissions made by the parties in the specific cases. By providing an individual docket for each case, this procedure insures that the submissions in each individual case along with supporting evidence is kept together in a manner that facilitate the review by the court of matters involving that specific case. In the case of a motion for summary judgment, this procedure is consistent with Rule 56 of the Federal Rules of Civil Procedure which provides that evidence supporting an opposition to a summary judgment motion must be filed "in the record" of that case. F.R.C.P. 56(c)(1)(A).

Plaintiff justifies the failure to file the evidence in the individual docket as a result of a "misunderstanding" or "mistake" by counsel as to where the evidence could be filed and what comprises "the record," and, further, that it was done in an attempt to avoid multiple filings for the convenience of the court. Given that the filing in the main docket was the result of counsel's deliberate decision, an incorrect one as it turned out, it cannot be said that the filing was done as a "mistake" or "misunderstanding." Under the circumstances, it was not a clear error of law for the court <u>not</u> to consider evidence in an individual case which had been filed in the main docket and which had been incorporated in the individual docket by reference only.

Plaintiff also contends that the court had previously considered evidence filed in the main docket in individual cases and that it would be inconsistent and unjust not to do so in this case. At oral argument, counsel identified two cases which he claims fall into this category: <u>Bault v. Anchor Packing Co.</u>, No. 08-91663, Doc. No. 189, and (2) <u>Buchanan v. Armstrong Contracting & Supply Corporation</u>, No. 08-92038 Doc. No. 163. The court finds that plaintiff's argument is factually incorrect. In both <u>Bault</u> and <u>Buchanan</u>, the court considered only the evidence filed on the individual dockets for these cases (which perhaps duplicated the evidence filed separately on the main docket). Therefore, any alleged reliance by counsel on prior practice based on these two cases was unreasonable and thus did not produce a result which was manifestly unjust.